.HUNTER v. AYLWORTH ET AL.

1. **Contract:** ASSIGNMENT: SCHOOL LANDS. The assignor of a contract for the purchase of school lands, undertakes that all the legal incidents of the contract shall pass to his assignee, and that he will do nothing to abridge the legal rights of the latter.

2. ———: ———: ———: FORECLOSURE. It is the right of the assignee of a school land contract to be made a party to an action to foreclose the contract, and to have a time for payment or redemption.

3. **Foreclosure:** PARTIES: FRAUD. In a suit by the county to foreclose a school land contract, it is the duty of the assignor, when made defendant alone, to make known the fact of the assignment, and his failure to do so is a fraud upon the assignee.

4. **Estoppel:** FORECLOSURE: TRUSTEE. When, through the fraud of the assignor of a school land contract, the assignee is not made a party to the foreclosure of the same, the assignor is estopped from denying the facts which made the assignee a necessary party, and when, after the foreclosure sale, he has purchased a part of the land embraced in the original contract, he will be held to be a trustee of that land for the assignee.

*Appeal from Iowa District Court.*

WEDNESDAY, APRIL 22.

ACTION in equity to redeem from the foreclosure of a school fund contract. Trial by the court. Decree for plaintiff. Defendants appeal.

The material facts are stated in the opinion of the court.

*C. Hedges,* for appellants.

*Stivers & Safely* and *Edmunds & Ransom,* for appellee.

MILLER, CH. J.—On the 21st day of March, 1856, Aylworth obtained of the school fund commissioner of Iowa county the following written contract:

" Contract made and entered into between Jefferson G. Brandon, as School Fund Commissioner of Iowa county, &c., and Henry Aylworth, by which the former bargains and sells to the latter, his heirs and assigns, the northwest quarter of section No. 16, township 80, range 12, in consideration of $520, $130 of which is paid in hand, and the residue, $390, secured by promissory note of Aylworth, of even date with contract, payable on or before ten years from date, with interest at ten per cent., payable on Jan. 1st of each year, at office of the Commissioner, conditioned that if the said note be paid according to the terms, Aylworth, his heirs or assigns, should receive a patent for said lands; and in case of failure of payment of any part of the note as due, former payments should be forfeited, and the land subject to sale by the Commissioner, or foreclosure of the contract, at his option."

On the first day of January, 1858, Aylworth assigned this contract in writing thereon to the plaintiff, for five hundred and forty dollars, which was subsequently paid by the plaintiff to Aylworth, with interest. In 1859 the plaintiff took possession of the land described in the contract, and had five acres of breaking done thereon. He never afterwards occupied, cultivated, or improved the land in any manner. In 1862 he

entered the military service of the United States, and remained therein until 1865. In December, 1863, Iowa county, for the use of the school fund, commenced an action to foreclose the above contract, against Aylworth alone, no person being in actual possession of the land, in which action judgment by default was rendered against Aylworth for the sum of $624 and costs, and decree of foreclosure with order of sale as prayed also entered. A special execution being issued thereon, the land was sold by the sheriff, March 24th, 1864, and purchased by Iowa county for the sum of $640.

On the 8th day of May, 1866, Iowa county, by the Clerk of the District Court, sold the west one-half of the land thus purchased by it, to Aylworth for $160, which being duly paid the fact was certified to the Governor, who executed a patent therefor to Aylworth, July 9th, 1866. In the same year the county sold the other half of the quarter section to one Allen, for $160.

Plaintiff brings this suit to redeem from Aylworth the eighty-acre tract to which he holds title.

It is very clear that Iowa county has no interest in the land, having sold it to Aylworth, who, upon the proper certificate, has received a patent from the State, whereby the entire title and interest in the land has passed from both the county and the State to Aylworth; and the only inquiry is, whether or not he holds the title as trustee of the plaintiff, or subject to redemption by him.

When Aylworth sold and assigned his interest in the first contract to the plaintiff, he thereby undertook that all the legal 1. CONTRACT: incidents of the contract should pass to the assignee assignment: school lands. and that he would not, by any acts or conduct on his part, do anything to abridge the plaintiff's legal rights. See *Watson v. Cheshire*, 18 Iowa, 202, 206, and cases cited. One of the legal rights of the assignee was that of being made a party to any action brought to foreclose, and to have a period 2. ——:——: for payment or redemption; and while the county ——: fore- closure. may not have been bound to know that the contract had been assigned, yet good faith required that Aylworth, when made a party to the action to foreclose the

contract in which he had no longer any interest, should have made known that fact, and to whom he had assigned the same. By suffering the contract to be foreclosed against him without making known the fact that he had no longer any interest

3. FORECLO-<br>
SURE: par-<br>
ties: fraud.

therein, and that the plaintiff was the assignee, he deprived the plaintiff of one of the legal incidents of the assignment, namely: the right to have his day in court before being deprived of the right to pay the money due upon the contract, and thereby obtain a title to the land. This Aylworth, by his assignment of the contract to the plaintiff, undertook that he would not do. The effect of his conduct operated as a fraud upon his assignee who had no knowledge of the foreclosure, and now since Aylworth has purchased a part of the same land to which he had assigned his interest to

4. ESTOPPEL:<br>
foreclosure:<br>
trustee.

the plaintiff, he is estopped from denying that facts existed which made the assignee a necessary party, and will be held to be a trustee for the plaintiff to the extent of the land purchased from the county, after the foreclosure sale. See *Phillips v. Blair*, Dec. Term, 1873.

The plaintiff, therefore, was properly permitted to redeem from Aylworth by paying him the sum paid by the latter to the county for the land, with interest and taxes paid by him, and the value of the improvements made by appellant thereon, deducting the value of the rents and profits while the land was in the actual possession of defendant. The county has no ground to claim that Hunter shall pay anything to it, since, as we have seen, the county and also the State have parted with all right and title to the land. The county bought in the land at the sheriff's sale in satisfaction of the judgment. It sold it again and has received payment in full of the sum for which the land was last sold. It can no longer have a claim on the plaintiff in respect to this land.

The decree of the Court below will be

AFFIRMED.